Harry J. **HORNER**
v.
SCOTT BROS., INC.
and
Joseph Baird.
Civ. A. No. 30077.

United States District Court
E. D. Pennsylvania.
Dec. 27, 1961.

Joseph D. Shein, Philadelphia, Pa., for plaintiff.

Michael Van Beuren, Philadelphia, Pa., for defendants.

WELSH, Senior District Judge.

Plaintiff is a citizen of Pennsylvania and defendant, Joseph Baird, is a citizen of Delaware. Therefore, as between plaintiff and said defendant diversity is present and this Court has jurisdiction under 28 U.S.C.A. § 1332.

Plaintiff alleges that the other defendant, Scott Bros. Inc., is a citizen of Delaware and, therefore, contends that diversity of citizenship as between him and said defendant is present and that this Court has jurisdiction. However, said defendant alleges that it is a citizen of Pennsylvania and has, therefore, filed a motion to dismiss and an amended motion to dismiss this action as to it for lack of diversity jurisdiction in this Court.

§ 1332(c) of 28 U.S.C.A. provides, inter alia, that for purposes of § 1332 a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

We think that plaintiff has made a prima facie showing of the Delaware

citizenship of the defendant, Scott Bros. Inc., by virtue of (1) the fact that said defendant was incorporated by the State of Delaware and (2) the fact that it has a principal office and place of business in Delaware as required by § 131 of the Delaware Corporation Law, 8 Del.C. § 131.

In rebuttal, the contention of the defendant, Scott Bros. Inc., is that it became a Pennsylvania citizen with its principal office in Pittsburgh, Pennsylvania, by virtue of the following facts in its amended motion to dismiss:

"* * * in 1959 Scott Bros. Inc., a Delaware corporation, merged with Pennsylvania Truck Lines, Inc., a Pennsylvania corporation; that by the terms of said merger Scott Bros. Inc., ceased its corporate existence; that Scott Bros. Division of Pennsylvania Truck Lines, Inc., is a Pennsylvania corporation; and that the principal place of business of Scott Bros. Division of Pennsylvania Truck Lines, Inc., is located within the Commonwealth of Pennsylvania, to wit, 110 South Main Street, Pittsburgh, Pennsylvania."

In our opinion, these facts are insufficient to overcome plaintiff's prima facie showing of the Delaware citizenship of defendant, Scott Bros. Inc. To overcome it, said defendant must show with additional evidence that on the date of the filing of the instant complaint it was merged in fact and no longer had its principal place of business in Delaware. Stating that it ceased its corporate existence by merging is not enough.[1] It must show the facts upon which this statement is based.

For reasons stated herein the motion to dismiss and the amended motion to dismiss of the defendant, Scott Bros. Inc., will accordingly be denied.

---

1. Particularly, where, as here, the name of the corporation created by the alleged merger indicates, at least to some degree, that the transaction might not have been a merger at all.